UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 1:10-CV-00009JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| JAMES H. DAVIS, | ) | [Re:  Motion at docket 40] |
| | ) | |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 40, plaintiff United States moved for a default judgment.  Defendant James Davis opposed the motion in his papers at docket 47.  Plaintiff filed a reply at docket 49.  Mr. Davis moved at docket 38 to set aside the Clerk's entry of default, but the court denied that motion in the order at docket 50.  The motion for a default judgment is now ripe for decision.  Neither party requested oral argument, and oral argument would not assist the court.

## II.  BACKGROUND

The United States initiated this action to reduce tax assessments to judgment and to foreclose tax liens on certain real property located in Juneau, Alaska.[1]  The City and Borough of Juneau ("City") was also named as a defendant, because it held a lien on the real property involved, which is commonly known as 8759 Dudley St.  The United States and the City reached a settlement pursuant to which the City was dismissed.[2]

---

[1]Complaint, doc. 1.

[2]Order, doc. 20.

Mr. Davis' default having been entered, the question to be resolved now is whether a default judgment should be entered against him.

### III.  DISCUSSION

Plaintiff's complaint relates to Mr. Davis' tax liabilities for the years 1994 through 2005 inclusive.  Mr. Davis having defaulted, all of the well-pled facts in the complaint relating to his liability are deemed to be true.[3]  Mr. Davis' papers at docket 47 do not meet the allegations of fact.  He points to no evidence which would refute the proposition that he is liable to make the payments demanded by plaintiff.  Instead, in a rambling discourse, Mr. Davis asserts that the income tax is voluntary and that it is a violation of the Fifth Amendment to require people to file tax returns or otherwise give information regarding the activities for which they may owe taxes.  These arguments are without merit as aptly explained in plaintiff's reply memorandum with which this court agrees in all material respects.

The United States has provided the assessments of Mr. Davis' tax liability on Forms 4340 for each year in question under cover of Ms. Newman's declaration.[4]  Also provided with Ms. Newman's declaration are calculations of Mr. Davis' tax liability for the years at issue on Forms 4549 along with pertinent revenue rulings.  Also attached to Ms. Newman's declaration are notices of tax lien and deeds showing conveyances of the property subject to the liens.  Ms. Newman's declaration also supplies additional materials used to give Mr. Davis notice of the sums due as calculated by the government for the years in question.  Mr. Davis has not questioned the accuracy of the materials.  And he has provided no other evidence bearing on the amounts he actually owes.  Based on the undisputed evidence, Mr. Davis owes plaintiff the sum of $575,387.27, plus interest accruing pursuant to 26 U.S.C. § 6622 from April 1, 2011, until the amounts due are paid.  It also appears that plaintiff is entitled to foreclose its tax liens on the property commonly known as 8759 Dudley St., Juneau, Alaska, in an effort to collect what Mr. Davis owes.

---

[3] *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

[4] Doc. 42.

A judgment is a serious matter, so before entering a judgment by default, the court should consider a number of factors which were identified by the Court of Appeals in *Eitel v. McCool*.[5] The factors include (1) possible prejudice to plaintiff, (2) the merits of plaintiff's claim, (3) sufficiency of plaintiff's complaint, (4) the amount at stake, (5) possibility that there is a dispute about material facts, (6) whether the entry of default was due to excusable neglect, (7) and the policy favoring resolution of disputes on the merits.[6]

If a judgment were not entered, there would be prejudice to the United States, because the record demonstrate that it has been attempting to collect taxes owed by Mr. Davis for years, but the amount remaining unpaid is sizable. It would be prejudicial to demand further effort and expense to collect what Mr. Davis owes. The first factor supports entry of a default judgment.

As explained above, the evidence amply supports plaintiff's claims, so the second factor also weighs in favor of entering judgment. The complaint in this case is detailed and clearly lays out the claims being litigated. Thus, the third factor is added to the list favoring entry of judgment.

The amount of money sought by the United States is substantial, which raises some concern about the entry of a default judgment. However, the amount sought is limited to taxes owed with statutorily authorized additions arising from Mr. Davis' failure to pay. On balance, the fourth factor is consistent with the entry of default judgment.

Given the evidence in the record, and Mr. Davis' failure to dispute the evidence, there is no possibility that disputed material facts would emerge were the case taken to trial. Thus, the fifth factor weighs in favor of entering judgment now. The default entered was not entered because of some neglect by Mr. Davis for which there might be an excuse. This court set aside the original default entered against Mr. Davis and gave him an additional 14 days in which to answer the complaint.[7] After Mr. Davis filed

---

[5] 782 F.2d 1470 (9th Cir. 1986).

[6] *Id.*, 782 F.2d at 1471-72.

[7] Order at docket 22.

papers which were insufficient to serve as an answer to the complaint, the court gave him an additional 28 days to file an answer.[8] Mr. Davis did not do so. Thus, the sixth factor weighs in favor of entering judgment. While the last factor, the policy favoring resolution of disputes on the merits, always weighs against entry of default judgment, it adds very little weight to the scales in the circumstances here. That is because the plaintiff has produced persuasive evidence which Mr. Davis has failed to refute, preferring to rely entirely on unsupportable assertions about applicable legal principles. Finally, the court has not identified any other factor or consideration which would warrant allowing this case to proceed further.

Having considered all of the relevant factors, the court concludes that entering default judgment at this time is appropriate. With a judgment in hand, the United States may be able to collect what Mr. Davis owes, a result which has eluded the government for some years now.

## IV. CONCLUSION

For the reasons set out above, the motion at docket 40 is **GRANTED**. The United States will please promptly lodge an appropriate form of judgment for the court's consideration.

DATED this 8th day of August 2011.

/s/ JOHN W. SEDWICK  
UNITED STATES DISTRICT JUDGE

---

[8] Order at docket 29.